UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

JUSTIN T. MAHER and ANGEL L. MAHER,          Docket No.  14 cv 3586 (VLB)

                              Plaintiffs,            **SECOND
                                                     AMENDED COMPLAINT**

            -against-
                                                     **(ECF Case)**

CAITLIN H. RAILO and QUALITY BUS
SERVICE, LLC,                                        **Jury Trial Demanded**

                              Defendants.

———————————————————————

        AND NOW come the Plaintiffs, Justin T. Maher and Angel L. Maher, his wife, by and

through their attorneys, Evan M. Foulke and Vincent S. Cimini, and hereby aver the following:

## INTRODUCTION

        1.      This action arises as a result of a motor vehicle accident which occurred on

February 14, 2013 when a motor vehicle being operated by Plaintiff, Justin T. Maher (hereinafter

"Mr. Maher"), was struck by a full sized school bus being operated by Defendant Caitlin H.

Railo (hereinafter "Ms. Railo") during the course and scope of her employment with Defendant

Quality Bus Service, LLC (hereinafter "Quality Bus").

## THE PARTIES

        2.      Plaintiff, Mr. Maher, is an adult and competent citizen of the Commonwealth of

Pennsylvania currently residing at 108 Mount Haven Drive in Milford, Pike County,

Pennsylvania.

        3.      Plaintiff, Angel L. Maher (hereinafter "Mrs. Maher"), wife of Mr. Maher, is an

adult and competent citizen of the Commonwealth of Pennsylvania currently residing at 108

Mount Haven Drive in Milford, Pike County, Pennsylvania.

1

4.      Defendant, Quality Bus, is an entity organized and existing under the laws of the State of New York with a principal place of business at 504 Route 42, P.O. Box 600 in Sparrowbush, Orange County, New York 12780.

5.      Defendant, Quality Bus, through its present corporate members, George Eckes (hereinafter "Mr. Eckes") and Michael Martucci (hereinafter "Mr. Martucci"), provides roundtrip student transportation by school bus from the State of New York to the Commonwealth of Pennsylvania.

6.      Present member, Mr. Eckes, is an adult and competent citizen of the State of New York currently residing at 74 Foxfire Estates Road in Middletown, Orange County, New York.

7.      Present member, Mr. Martucci, is an adult and competent citizen of the State of New York currently residing at 89 Goodridge Road in Westtown, Orange County, New York.

8.      Defendant, Ms. Railo, is an adult and competent citizen of the State of New York currently residing at 5 White Street, Apartment 2, in Port Jervis, Orange County, New York 12771.

9.      At all times relevant and material hereto, Ms. Railo was acting as an agent, servant, and/or employee of Quality Bus responsible for driving and/or operating school busses to transport students between the Commonwealth of Pennsylvania and the State of New York.

## JURISDICTION & VENUE

10.      Plaintiffs, Mr. and Mrs. Maher, are citizens of the Commonwealth of Pennsylvania and are domiciled in the Commonwealth of Pennsylvania.

11.      Defendant, Ms. Railo, is a citizen of the State of New York and is domiciled in the State of New York.

12.      Members, Mr. Eckes and Mr. Martucci, are citizens of the State of New York and are domiciled in the State of New York.

2

13.     By virtue of the domicile of its members, Defendant, Quality Bus, is a corporate citizen of the State of New York and is domiciled in the State of New York.

14.     As a result of the herein described motor vehicle accident giving rise to the present litigation, Mr. Maher sustained serious and permanent bodily injuries rendering the value of the instant controversy in excess of $75,000.

15.     Jurisdiction is therefore proper in the Southern District of New York pursuant to 20 U.S.C. §1332 since the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

16.     Moreover, the subject motor vehicle accident occurred during the course of Defendants' regular daily transportation of students to and from the New Life Christian School in Matamoras, Pike County, Pennsylvania and various points in Orange County, New York.

17.     Venue is therefore proper in the Southern District of New York pursuant to 28 U.S.C. §1391 since Defendants maintain regular and continuous contact in the Southern District of New York and a substantial portion of the events giving rise to the present action occurred in the Southern District of New York.

## FACTUAL BACKGROUND

18.     At all times relevant and material hereto, Defendant Ms. Railo was operating a 2003 Freightliner Yellow School Bus bearing vehicle identification number 4UZAAXCS43CL04762 (hereinafter "school bus").

19.     At all times relevant and material hereto, Defendant Quality Bus owned and maintained the aforementioned school bus.

20.     Upon information and belief, at all times relevant and material hereto, Defendant Ms. Railo was operating the aforementioned school bus while under the influence of drugs and/or alcohol.

21.     Upon information and belief, at all times relevant and material hereto. Defendant Ms. Railo had consumed drugs and/or alcohol while she was present in the Commonwealth of Pennsylvania.

22.     At all times relevant and material hereto, Plaintiff Mr. Maher was lawfully operating a blue 1995 Honda Civic.

23.     On February 14, 2013, Defendant Ms. Railo was operating the school bus to transport students from the New Life Christian School in Matamoras, Pike County, Pennsylvania to various points in Orange County, New York.

24.     At approximately 2:36 p.m. on the aforesaid date, Defendant Ms. Railo was operating the school bus in a northerly direction on State Route 209 in Deerpark, Orange County, New York.

25.     On the aforesaid date and time, Plaintiff Mr. Maher was operating his motor vehicle in a southerly direction on State Route 209 in Deerpark, Orange County, New York.

26.     As Defendant, Ms. Railo, approached the intersection of State Route 209 and Peenpack Trail in Deerpark, Orange County, New York (hereinafter "intersection"), she slowed and/or brought the aforementioned school bus to a  stop, intending to negotiate a left turn onto Peenpack Trail.

27.     As Plaintiff, Mr. Maher, approached the intersection, he continued traveling straight in a southerly direction on State Route 209 in Deerpark, Orange County, New York.

28.     On the aforesaid date and time, as Plaintiff Mr. Maher was entering the intersection, Defendant Ms. Railo began negotiating a left turn from State Route 209 onto Peenpack Trail in Deerpark, Orange County, New York.

4

29.     Thereafter, the school bus being operated by Defendant Ms. Railo collided with, crushed, and ultimately drove on top of and over the vehicle being operated by Plaintiff, Mr. Maher.

30.     Following the above-described motor vehicle accident, Mr. Maher was mechanically extricated from his vehicle by the Huguenot Fire Company and transported by the Port Jervis Volunteer Ambulance Corp. to a nearby airport.

31.     Thereafter, Mr. Maher was life flighted by an Air Methods helicopter to the Westchester Medical Center for emergent trauma care.

32.     Following the above-described motor vehicle accident, Defendant, Ms. Railo, refused to submit to sobriety testing.

## COUNT I - NEGLIGENCE
## JUSTIN T. MAHER V. CAITLIN H. RAILO

33.     Plaintiffs incorporate herein by reference all the preceding paragraphs of this Complaint as if each and every one were individually set forth at length within this Count.

34.     The subject motor vehicle accident was caused by the careless, negligent, and reckless conduct of Defendant Ms. Railo, consisting of the following:

    a.     recklessly failing to pay proper attention while operating a school bus;

    b.     recklessly failing to travel at a careful and prudent speed under the circumstances;

    c.     recklessly disregarding the safety precautions set forth in the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR");

    d.     carelessly failing to make reasonable and necessary observations while operating a school bus;

    e.     violating the laws of the State of New York regarding the operation of motor vehicles and/or school buses;

    f.     carelessly failing to take timely corrective action in order to avoid striking Mr. Maher's vehicle;

5

g.      violating both written and unwritten policies, rules, guidelines, and regulations established and/or implemented by Defendant Quality Bus;

h.      recklessly operating a school bus while under the influence of drugs and/or alcohol in violation of FMCSR §392.5;

i.      operating a school bus with a history of unsafe driving practices;

j.      carelessly failing to exercise basic vehicle control skills, including but not limited to, proper visual search methods, appropriate signaling, and observation of "the road and the behavior of other motor vehicles, *particularly before changing speed and direction,*" in violation of FMCSR §383.113;

k.      recklessly operating a school bus with willful and/or wanton disregard for the safety of Mr. Maher;

l.      failing to react reasonably and appropriately under the circumstances then and there existing;

m.      carelessly failing to yield the right of way to Mr. Maher;

n.      failing to timely and properly apply breaks and bring the school bus to a complete stop prior to striking Mr. Maher;

o.      failing to keep the proper lookout while on the roadway;

p.      failing to stop the school bus upon the shortest possible notice;

q.      recklessly failing to yield the right of way to oncoming traffic while operating a school bus;

r.      failing to observe Mr. Maher's vehicle before negotiating a left hand turn through Mr. Maher's lane of travel;

s.      failing to react prudently after commencing a left hand turn into oncoming traffic;

t.      carelessly failing to provide any warning before allowing a school bus to enter into the lane of oncoming traffic; and

u.      recklessly operating a school bus while under the influence of drugs and/or alcohol with willful and/or wanton disregard for the safety of Mr. Maher in violation of New York law.

35.     At all times relevant and material hereto, Plaintiff Mr. Maher acted with due care and was not contributorily negligent.

36.     As a direct and proximate result of the conduct set forth, Plaintiff Mr. Maher sustained serious and permanent bodily injuries, the full extent of which have yet to be determined, including but not limited to:

     a.    fracture of the skull;

     b.    traumatic brain injury with pneumocephalus and subarachnoid hemorrhage of right frontal lobe;

     c.    encephalopathy;

     d.    right sided cranial nerve palsy;

     e.    open wound to the lip;

     f.    respiratory failure;

     g.    lung contusions with open thoracic wound;

     h.    fractures of the anteromedial and posterolateral walls of the maxillary sinus;

     i.    displaced fracture of the orbital floor, finally located within the right coronal orbit;

     j.    displaced fracture of the medial left orbital wall;

     k.    displaced fracture of the left lateral orbital wall;

     l.    displaced fractures of the anterior, medial, and posterior lateral walls of the left maxillary;

     m.    displaced comminuted fractures of the left zygomatic arch;

     n.    displaced fracture at the base of bilateral pterygoids;

     o.    step-off of the right nasal bone following fracture through bilateral sphenoid sinuses with extension into the right carotid canal, with focus of the airways in the right carotid canal;

p.   displaced fracture of the left mandibular condyle and left mandibular angle;

q.   comminuted displaced fracture of the right mandibular body and right mandibular condyle;

r.   right sided pneumothorax;

s.   pneumomediastium and right pulmonary contusion;

t.   left proximal humerus fracture;

u.   right mid-shaft humerous fracture;

v.   left distal radial shaft fracture;

w.   fracture of the upper end tibia;

x.   left bicondylar tibial plateau fractures; and

y.   multiple lacerations, abrasions, and contusions throughout his entire body.

37.   As a further direct and proximate result of the conduct set forth, Plaintiff Mr. Maher has sustained, and will continue to sustain:

a.   severe physical pain and suffering, embarrassment, and humiliation;

b.   severe mental anguish and suffering, anxiety, nervousness, discomfort, and inconvenience;

c.   traumatic interruption of his daily habits, routines, and pursuits;

d.   severe loss of the ability to perform the material acts and duties which constituted his usual and customary daily activities;

e.   severe loss of the ability to enjoy the pleasures of life; and

f.   economic loss, including loss of earnings and/or earning capacity.

38.   Defendant Ms. Railo realized and appreciated the risk of serious bodily injury and/or death posed by failing to exercise reasonable care in the operation of an approximately thirty-six (36) foot long, eleven (11) ton school bus on public roadways, and, in particular, through a lane of oncoming traffic.

39.     Defendant Ms. Railo realized and appreciated the risk of serious bodily injury and/or death posed by operating a school bus on public roadways and through a lane of oncoming traffic while under the influence of drugs and/or alcohol.

40.     Defendant Ms. Railo realized and appreciated the risk of serious bodily injury and/or death posed by disregarding vehicles traveling in an oncoming lane of traffic while negotiating a turn through the oncoming lane of travel.

41.     However, despite such knowledge and understanding, Defendant Ms. Railo acted with reckless indifference to the interests of Plaintiff, Mr. Maher, by substantially and grossly departing from the standard of care with respect to proper operation of a school bus when negotiating a left turn through an oncoming traffic lane.

42.     Accordingly, the conduct of Defendant Ms. Railo was outrageous, willful, and in conscious disregard of the rights and interests of Plaintiff Mr. Maher, thus necessitating an award of punitive damages.

WHEREFORE, Plaintiff, Mr. Maher, demands judgment in his favor and against Defendant, Ms. Railo, in an amount in excess of $75,000, including punitive damages, interest, and costs.

## COUNT II - VICARIOUS LIABILITY
## JUSTIN T. MAHER V. QUALITY BUS SERVICE, LLC

43.     Plaintiffs incorporate herein by reference all the preceding paragraphs of this Complaint as if each and every one were individually set forth at length within this Count.

44.     At all times relevant and material hereto, Defendant Ms. Railo was acting within the course and scope of her employment as agent, servant, and/or employee of Defendant Quality bus.

45.     As fully set forth in paragraphs eighteen (18) through thirty-four (34) inclusive, the conduct of Defendant Ms. Railo caused and contributed to the injuries and damages sustained by Plaintiff Mr. Maher, as set forth in paragraphs thirty-six (36) and thirty-seven (37), fully incorporated herein by reference.

46.     At all times relevant and material hereto, Defendant Quality Bus knew, appreciated, and understood that Defendant Ms. Railo lacked the necessary skill and judgment to safely operate a school bus.

47.     At all times relevant and material hereto, Defendant Quality Bus knew, appreciated, and understood that Ms. Railo failed to exercise reasonable care in the operation of its' school busses.

48.     At all times relevant and material hereto, Defendant Quality Bus knew or should have known that Ms. Railo was operating its' school busses while she was under the influence of drugs and/or alcohol.

49.     Nevertheless, Defendant Quality Bus acquiesced in, approved of, and/or authorized the outrageous and willful conduct of Defendant Ms. Railo in conscious disregard of the interests of the Plaintiff, Mr. Maher.

50.     Defendant Quality Bus is therefore vicariously liable to Plaintiff, Mr. Maher, for the acts, commissions, and/or omissions of Defendant Ms. Railo, as set forth in paragraphs eighteen (18) through thirty-four (34) inclusive.

51.     Accordingly, any liability imposing act, commission, or omission by Defendant Ms. Railo in the operation of Defendant Quality Bus's school bus imposes full liability not only upon Defendant Ms. Railo, but also upon Defendant Quality Bus.

10

WHEREFORE, Plaintiff, Justin T. Maher, demands judgment in his favor and against Defendant, Quality Bus, in an amount in excess of $75,000, including punitive damages, interest, and costs.

## COUNT III - NEGLIGENCE & CORPORATE LIABILITY
## JUSTIN T. MAHER V. QUALITY BUS SERVICE, LLC

52.     Plaintiffs incorporate herein by reference all the preceding paragraphs of this Complaint as if each and every one were individually set forth at length within this Count.

53.     In the performance of their duties and responsibilities as an interstate passenger motor carrier, Defendant Quality Bus caused and contributed to the injuries and damages sustained by Mr. Maher, set forth in paragraphs thirty-six (36) and thirty-seven (37), as follows:

a.     recklessly failing to instruct and/or train Defendant Ms. Railo in the safe operation of a school bus before entrusting her with the same;

b.     carelessly failing to ascertain that Defendant Ms. Railo lacked the ability necessary to safely operate the school bus;

c.     carelessly failing to prevent Defendant Ms. Railo from operating a school bus until she had sufficient ability to operate the same;

d.     recklessly failing to discover that Defendant Ms. Railo was operating the school bus while under the influence of drugs and/or alcohol;

e.     carelessly failing to conduct any initial and/or periodic criminal and driving record histories for Defendant Ms. Railo;

f.     recklessly allowing Defendant Ms. Railo to operate a school bus despite the existence of readily available public records reflecting a history of unsafe driving as well as internal corporate records reflecting numerous violations of corporate safety policies and procedures;

g.     carelessly failing to exercise necessary supervision of Defendant Ms. Railo's operation of the school bus so as to ensure compliance with the FMCSR;

h.     carelessly hiring and/or continuing to employ Defendant Ms. Railo despite knowledge that she was not properly qualified, lacked necessary training, and did not possess the requisite ability to operate a school bus;

11

i.     recklessly allowing Defendant Ms. Railo to operate its school busses when
       it knew or should have known that such operation posed a risk of serious
       bodily injury and/or death to others lawfully on the roadway, including
       Plaintiff, Mr. Maher;

j.     failing to adopt appropriate employee manuals and/or training programs;

k.     failing to enforce its employee manuals and/or training procedures;

l.     failing to enforce both the written and unwritten policies and procedures;

m.     failing to ensure that its employees, drivers and/or agents were aware of
       and complied with all written and unwritten corporate policies;

n.     failing to ensure that its management, personnel and drivers were aware of
       the requirements and dictates of the FMCSR;

o.     failing to ensure that its employees, drivers and/or agents comply with the
       provisions of both the New York Motor Vehicle and Traffic Law and the
       FMCSR;

p.     failing to monitor and/or regulate its school bus driver's actions;

q.     failing to have any policies and/or procedures in effect regarding the
       operation of a school bus;

r.     failing to have any policies and procedures in effect at the time of the
       accident regarding safety and operation of a school bus while under the
       influence of drugs and/or alcohol;

s.     failing to hold any formal safety meetings and/or safety seminars;

t.     allowing Defendant Ms. Railo to operate a school bus when it knew or
       should have known that Defendant Ms. Railo had a propensity for
       preventable accidents;

u.     failing to properly investigate Defendant Ms. Railo's driving record and/or
       previous experience in employment before allowing her to operate a
       school bus;

v.     failing to have any policies and procedures regarding disciplinary action of
       a driver including Defendant Ms. Railo prior to the accident;

w.     failing to have any policies and procedures regarding the recognition and
       identification of employees, including Defendant Ms. Railo, who operate
       its school busses while under the influence of drugs and/or alcohol;

       x.     failing to implement the appropriate procedures and guidelines to screen drivers to ensure they do not operate school busses while under the influence of drugs and/or alcohol;

       y.     failing to perform annual reviews with respect to its drivers including Defendant Ms. Railo;

54.    As a direct and proximate result of the conduct set forth, Plaintiff Mr. Maher sustained serious and permanent bodily injuries and damages as set forth in paragraphs thirty-six (36) and thirty-seven (37), fully incorporated herein by reference.

55.    The aforementioned conduct of Defendant Quality Bus was outrageous and/or done willfully, wantonly, and/or with reckless disregard for and indifference to the rights and interests of Plaintiff, Mr. Maher.

56.    Defendant Quality Bus knew, appreciated, and understood that Defendant Ms. Railo lacked sufficient skill, judgment, and prudence necessary to safely operate a school bus.

57.    Defendant Quality Bus knew or should have, through the exercise of reasonable care, known that permitting Defendant Ms. Railo to operate its school bus when she was utterly incapable of doing so safely would result in serious bodily injury and/or death to others lawfully driving on the roadway.

58.    Notwithstanding such knowledge, Defendant Quality Bus recklessly allowed Defendant Ms. Railo to operate a potentially dangerous and lethal instrumentality; specifically a school bus which measured approximately thirty-six (36) feet long and weighed approximately eleven (11) tons.

59.    Therefore, the conduct of Defendant Quality Bus was outrageous, willful, and in conscious disregard of the rights and interests of Plaintiff Mr. Maher, thus necessitating an award of punitive damages.

WHEREFORE, Plaintiff, Justin T. Maher, demands judgment in his favor and against Defendant, Quality Bus, in an amount in excess of $75,000, including punitive damages, interest, and costs.

## COUNT IV - NEGLIGENT ENTRUSTMENT
### JUSTIN T. MAHER V. QUALITY BUS SERVICE, LLC

60.     Plaintiffs incorporate herein by reference all the preceding paragraphs of this Complaint as if each and every one were individually set forth at length within this Count.

61.     Defendant Quality Bus is/was the owner of the school bus driven by Defendant Ms. Railo which was involved in the subject February 14, 2013 motor vehicle collision.

62.     Defendant Quality Bus owed a duty to exercise reasonable care in entrusting its school buses to drivers such that Defendant Quality Bus would not negligently entrust a school bus to an inexperienced, incompetent, dangerous and/or reckless driver.

63.     At all times relevant and material hereto, Defendant Quality Bus knew or should have known that Defendant Caitlin H. Railo was an inexperienced, incompetent, dangerous and/or reckless driver.

64.     At all times relevant and material hereto, Defendant Quality Bus knew or should have known that Defendant Ms. Railo had a history of unsafe and reckless driving, including, but not limited to:

    a.      a January 5, 2004 conviction for driving while under the influence of drugs and/or alcohol in Orange County, New York;

    b.      a May 14, 2005 motor vehicle accident in which Defendant Ms. Railo was charged with reckless driving, leaving the scene of a personal injury auto accident, and failing to stop at a stop sign in Orange County, New York.

    c.      a September 4, 2009 driver's license suspension for operating a motor vehicle without sufficient insurance in Orange County, New York;

14

d.      a March 17, 2011 motor vehicle accident in which Defendant Ms. Railo caused personal injuries and property damage in Orange County, New York;

e.      two April 12, 2012 convictions for violation of Pa.C.S. §3362 as a result of operating a motor vehicle twenty-three (23) miles per hour over and above a sixty-five (65) mile per hour speed limit in Pike County, Pennsylvania; and

f.      an August 8, 2012 conviction for failing to obey a traffic device in Orange County, New York;

65.     Notwithstanding such knowledge, Defendant Quality Bus recklessly entrusted to Defendant Ms. Railo a potentially dangerous and lethal instrumentality; specifically a school bus which measured approximately thirty-six (36) feet long and weighed approximately eleven (11) tons.

66.     Defendant Quality Bus breached its duty of care by entrusting the school bus to Defendant Ms. Railo on February 14, 2013.

67.     The entrustment of the school bus was a direct and/or indirect cause of the subject February 14, 2013 motor vehicle accident set forth in paragraphs eighteen (18) through thirty-four (34) inclusive.

68.     As a direct and proximate result of the conduct set forth, Plaintiff Mr. Maher sustained serious and permanent bodily injuries and damages as set forth in paragraphs thirty-six (36) and thirty-seven (37), fully incorporated herein by reference.

69.     Furthermore, the negligent entrustment by Defendant Quality Bus was outrageous, willful, and in conscious disregard of the rights and interests of Plaintiff Mr. Maher, thus necessitating an award of punitive damages

WHEREFORE, Plaintiff, Justin T. Maher, demands judgment in his favor and against Defendant, Quality Bus, in an amount in excess of $75,000, including punitive damages, interest, and costs.

15

**COUNT V - LOSS OF CONSORTIUM**
**ANGEL L. MAHER V. CAITLIN H. RAILO AND**
**QUALITY BUS SERVICE, LLC**

70.    Plaintiffs incorporate herein by reference all the preceding paragraphs of this

Complaint as if each and every one were individually set forth at length within this Count.

71.    As a result of the injuries sustained by Plaintiff, Mr. Maher, as set forth in

paragraphs thirty-six (36) and thirty-seven (37) inclusive, fully incorporated herein by reference,

Plaintiff Mrs. Maher has sustained and will continue to sustain a deprivation of the assistance,

companionship, consortium, and society of her husband, to her great detriment and loss.

WHEREFORE, Plaintiff, Mrs. Maher, demands judgment in her favor and against

Defendants, Ms. Railo and Quality Bus, in an amount in excess of $75,000, including interest

and costs.

Dated: Goshen, New York
        June 9, 2014

                                               FOULKE LAW OFFICES

                                               By:   s/ Evan M. Foulke
                                                  Evan M. Foulke, Esq. (ID # 2427037)
                                             Attorneys for Plaintiffs
                                             25 Main Street
                                             Goshen, NY  10924
                                             845-294-4308

                                             LAW OFFICES OF COGNETTI & CIMINI

                                               By:   *s/ Vincent S. Cimini*
                                                  Vincent S. Cimini, Esq. (ID # 60463)
                                             Attorneys for Plaintiffs
                                             Scranton Electric Bldg., 7th Floor
                                             507 Linden Street
                                             Scranton, PA  18503
                                             570-346-0745