UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JUSTIN T. MAHER and ANGEL L. MAHER, :
                Plaintiffs, :
                                    :    **ORDER**
v. :
                                    :    14 CV 3586 (VB)
CAITLIN H. RAILO and QUALITY BUS :
SERVICE, LLC, :
                Defendants. :
--------------------------------------------------------------x

       By Order dated May 23, 2014, the Court held plaintiffs' original complaint failed to invoke diversity jurisdiction under 28 U.S.C. § 1332 because it failed adequately to allege the citizenship of any party. (Doc. #3).

       In accordance with that Order, plaintiffs filed an amended complaint on May 29, 2014. (Doc. #4). Although the amended complaint adequately alleges the citizenship of plaintiffs and defendant Railo, it too fails to allege the citizenship of the LLC defendant, Quality Bus Service.

       Unlike a corporation, which is "deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated," Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002), a limited liability company has the citizenship of each of its individual or entity members. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000). So "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company." Laufer Wind Grp., LLC v. DMT Holdings L.L.C., 2010 WL 5174953, at *1 (S.D.N.Y. Dec. 20, 2010) (internal quotation marks omitted).

       Thus, by alleging only that Quality Bus Service, LLC "is a corporate Citizen of the State of New York, organized and existing by virtue of the laws of the State of New York" (Doc. #4 ¶ 4), the amended complaint fails to plead the citizenship of this defendant because Quality Bus Service is not a corporation.

       Accordingly, the amended complaint, like its predecessor, fails to invoke this Court's jurisdiction.

1

By June 13, 2014, plaintiffs shall file a second amended complaint properly alleging the citizenship of Quality Bus Service, LLC. If by that date plaintiffs are unable truthfully to allege—at least upon information and belief—that all of the members of Quality Bus Service, LLC are citizens of the State of New York, the Court will dismiss this case for lack of subject matter jurisdiction.

Dated: May 30, 2014
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge