# LaRose & LaRose

ATTORNEYS AND COUNSELORS AT LAW                            TELEPHONE (845) 454-2001
510 HAIGHT AVENUE                                          FAX   (845) 454-2535
POUGHKEEPSIE, NEW YORK 12603

October 23, 2014

Honorable Judith C. McCarthy                sent via e-file only
Federal Building and United States
 Courthouse
300 Quarropas Street
White Plains, New York 10601

    Re: Mahar v. Railo
       7:14-CV-03586-JCM

Dear Judge McCarthy:

    This letter is submitted in response to the letter from attorney Evan Foulke on behalf of the plaintiff dated 10/22/14. As his letter makes clear there is a disagreement between plaintiff and both this office as the representative of defendant Railo, and also by counsel for Quality Bus, as to the plaintiff's notices to conduct the depositions of the defendants, and also concerning several non-party witnesses. I will attach to this correspondence my original letter to attorney Foulke which raised my objections so that the Court can understand completely our arguments. Basically it comes down solely to the issue as to the timing of the scheduling of these depositions. Plaintiff wants to conduct these depositions before plaintiff is deposed and before the mediation, while defendants want those depositions held after the mediation.

    The Court will recall that at the initial conference on September 10, 2014, there was an extensive discussion concerning the deadlines that the Court was going to set for the completion of the plaintiff's deposition and then the deposition of the defendants and any non-parties. Your Honor will recall that there was a lengthy discussion concerning the fact that the parties had agreed to conduct a mediation in the near future and that we all agreed that conducting a deposition of the plaintiff and obtaining all medical records was essential to properly evaluate this case before we could proceed to a meaningful mediation. It was further discussed that with the hope that the mediation be successful, that the defendants wished to avoid the burden and expense of conducting the depositions of the defendants as well as non-parties, and therefore requested that the deadline for those depositions be after the mediation. It was on this basis that the Court order of September 10, 2014, stated that the plaintiff's deposition would be completed by December 31, 2014 and that non-expert depositions of both defendants and non-parties be completed by January 30, 2015.

    The mediation is scheduled for January 8, 2015. The deposition of plaintiff is scheduled for December 18, 2014 with a backup date of December 30. It is for that reason that I objected to the defendant's notice to conduct the deposition of Ms. Railo, currently incarcerated at Albion Correctional Facility, for November 24, 2014, and the two notices for the deposition of different representatives of Quality Bus to be held on November 25, 2014 and as for the three non-party depositions all to be held on November 26, 2014. As stated in my earlier letter to plaintiff of October 15, 2014, we do not object to those depositions being conducted, simply that they should be conducted after the mediation on 1/8/15. Also I have a conflict with these dates. As I believe I advised the Court at the conference, I have elective surgery scheduled for 11/25/14 and expect to be out through December 5.

    I fail to see how this previously agreed to scheduling of defendants for after the mediation obstructs and/or delays relevant discovery. It can all be done after the mediation and before the January 30, 2015 deadline. The reality is none of these defense depositions are needed to engage in a meaningful mediation, and it's in the best interests of all to avoid the time and expense of theses depositions if the matter does get resolved at the mediation.

    Again, I remind to the Court that given the fact that my client is incarcerated, it is not within my control to agree that she will be produced on a certain specific date, until the facility where she is held has agreed to allow us to travel to the prison to depose her on any specific date. Furthermore, as stated in my letter to Mr. Foulke, I have not yet had an opportunity to interview and meet with my client and will need to do so prior to her deposition. I would like to do so on a date prior to the date she is actually deposed, which creates a further hurdle in arranging with the Department of Corrections for a date for me to interview Ms. Railo when I am available, and to thereafter schedule her deposition for a date that all the parties can agree to.

                                               Very truly yours,

                                               LaROSE & LaROSE

                                             Keith V. LaRose

```
KVL/eas
Cc: Foulke Law Offices
    Maynard, O'Connor, Smith & Catalinotto, Esqs.
    Cognetti & Cimini
```

## LaRose & LaRose

ATTORNEYS AND COUNSELORS AT LAW
510 HAIGHT AVENUE
POUGHKEEPSIE, NEW YORK 12603

TELEPHONE (845) 454-2001
FAX (845) 454-2535

October 15, 2014

Evan M. Foulke, Esq.
Foulke Law Offices
25 Main Street
Goshen, NY 10924

Re: Maher v. Railo, Quality Bus Service, et al

Dear Mr. Foulke:

Receipt of your letter of October 9, 2014, with various deposition notices is acknowledged as well as non-party deposition subpoenas.

Your Notice for Deposition for my client Caitlyn Railo schedules this deposition to be held on November 24, 2014, at the Albion Correctional Facility. First of all, in that she is currently incarcerated I have no control and no ability to arrange that her deposition can be held at that facility on the date requested, or any given date for that matter.

Furthermore, I object to the dates selected for her deposition. Under the discovery schedule agreed to, the plaintiff's deposition is to be held first, and thereafter the deposition of the defendants including my client. In that we have now scheduled Justin Mahar's deposition for December 18th with a backup date of December 30th, I am going to object to my client being deposed prior to the completion of plaintiff's deposition, and the conducting of the mediation currently scheduled for January 8, 2015. You will recall that the purpose of scheduling that mediation for January was an attempt to get the matter resolved after plaintiff's deposition but before the parties go through the expense of deposing the defendants as well as any non-party witnesses. For that same reason I would object to the dates selected by your office for the deposition of the two requested representatives of Quality Bus, and for the three non-party depositions.

I would request that you respond to this correspondence as soon as possible. I would suggest that you first give me a call to discuss this matter and we can then follow it up with written

2

correspondence.  If we cannot reach an agreement I will have to submit a letter to the Magistrate stating the nature of the unresolved issues that remain.

                                            Very truly yours,

                                            LaROSE & LaROSE

                                            Keith V. LaRose


KVL:eas  
cc: Law Offices of Cognetti & Cimini  
    Maynard, O'Connor, Smith & Catalinotto, Esqs.