

# Maynard, O'Connor, Smith & Catalinotto, LLP
ATTORNEYS AT LAW

Michael E. Catalinotto
Thomas G. Daley
James R. Schultz
Bruce A. Bell
Concetta R. Lomanto
Edwin J. Tobin, Jr.
Michael E. Catalinotto, Jr.
Robert A. Rausch
Anne-Jo Pennock McTague, RN
Alexander L. Stabinski
Adam T. Mandell

Christopher K.H. Dressler
(1980-2010)

3154 Route 9W
P.O. Box 180
Saugerties, New York 12477
(845) 246-3666
Fax (845) 246-0390

6 Tower Place
Albany, New York 12203
(518) 465-3553
Fax (518) 465-5845
www.maynardoconnorlaw.com

122 West Main Street
Johnstown, New York 12095
(518) 762-4212
Toll Free (800) 721-3553

Andrea P. Demers
Justin W. Gray
Aaron F. Carbone
Joseph A. Juidiciani

OF COUNSEL
Angelo D. Lomanto

**Service by Facsimile,
E-Mail or Electronic
Means is Not Accepted**
PLEASE REPLY TO
**Saugerties Office**

January 13, 2015

**Maher v Quality Bus**
Our File No.: 149.29644
Docket No.: 14 CV 3586 (JCM)

*Via ECF/CMS Only*

Magistrate Judge Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 421
White Plains, New York 10601

Dear Judge McCarthy:

This letter is being sent to address the status of this case in advance of the January 15, 2015 10:00 a.m. phone conference in the above entitled matter.

Plaintiff Justin Maher's deposition was conducted on December 18, 2014. Based on the plaintiff's testimony and the medical records that we received in advance of his deposition, the plaintiff has treated almost entirely with a family doctor since his discharge from Helen Hayes Rehab. On the eve of the January 8, 2015 mediation, we received a voluminous mediation submission plus 8 expert narrative reports. The timing of the disclosure left the insurance company no time to digest the voluminous materials in order to further evaluate the case in advance of the mediation.

In the mediation submission we were alerted to the plaintiff's intention to treat with an orthopedist, a pain management doctor and saw, for the first time, records from treating health care providers that we have not seen before. The expert narrative reports contain diagnoses and treatment plans that we have not seen before.

In light of the fact that the plaintiff will be treating with new specialists, and the fact that there are authorizations that need to be demanded, as well as outstanding medical records pursuant to authorizations that we have processed, it will be necessary to extend the deadlines in the scheduling order so that we can obtain a complete medical file in order to have the plaintiff examined by experts in various specialties. We have also blocked out dates in January for the depositions of the defendants and dates in February for depositions of non-party witnesses, however, these depositions have not been

{M0740429.1}

2

confirmed and based on plaintiff's January 9, 2015 letter there appears to be outstanding medical records that the plaintiff needs before conducting further depositions.

Plaintiff's attorney's January 9, 2015 letter makes reference to serving expert reports in advance of the March 30, 2015 deadline. Although the mediation submissions contain narrative reports from various experts, this disclosure is not compliant with Rule 26 of the Federal Rules of Civil Procedure for expert disclosure in that the witnesses' qualifications, publications, other cases the witness has testified as an expert at trial or deposition as well as compensation paid for the narrative and testimony have not been disclosed. As such, the disclosure does not comply with the requirements of Rule 26 of the Federal Rules of Civil Procedure. I am addressing this now so as not to give the impression that we have waived the requirements of Rule 26 for plaintiff's expert disclosure.

Plaintiff's attorney has also raised an issue that we have failed to disclose the identity of an unknown adult passenger present on the yellow bus at the time of the subject accident on February 14, 2013. We are in the process of obtaining the full video from the bus to confirm that only the bus driver and the student were present on the bus at the time of the accident. I have reviewed the video several times and am comfortable in stating that only the bus driver and the student were present on the bus at the time of the accident.

In light of the foregoing, I am respectfully requesting that the current court ordered deadlines be extended at the next conference.

If you have any questions or require any additional information please do not hesitate to contact me. Thank you for your courtesy and consideration.

Respectfully yours,

MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP

By _____
Michael E. Catalinotto, Jr., MC2315
*catalinottojr@maynardoconnorlaw.com*

MCJ/mla

cc:   Evan Foulke (*via ECF/CMS*)
      Vincent Cimini (*via ECF/CMS*)
      Keith LaRose (*via ECF/CMS*)