Gary Greenwald*
Joanna C. Greenwald
Jamie C. Greenwald*
David L. Gove

Erno Poll
Jeremy B. Kaufman
J. David Aikman

Alexandra Bourne, *Of Counsel*
Robert M. Graubard, *Of Counsel*
Elise L Rucker, *Of Counsel*
David A. Brodsky, *Of Counsel*

Also Admitted To Practice In
*MA

## GARY GREENWALD & PARTNERS, P.C.

99 Brookside Avenue
Chester, New York 10918
(845) 469-4900 * Fax (845) 469-2022
Family Law Center Fax: (845)469-1895

*www.GreenwaldLaw.com*

*Please Reply to Chester Office*

Sullivan County
138 Sullivan Street
P.O. Box 266
Wurtsboro, NY 12790
(845) 888-2456
Fax: (845) 888-5606

Dutchess County
224 Church Street
Poughkeepsie, NY 12601
(845) 790-5310

James M. Neylon, *Paralegal*
(1934-1998)
Spencer M. McLaughlin, Esq.
(1945-2007)

February 4, 2015

**VIA ECF FILING**

Hon. Judith C. McCarthy
300 Quarropas Street
White Plains, New York 10601-4150

  Re: **Justin Maher v. Caitlin Railo v. Quality Bus Services, LLC**
    **Case Number: 14 Civ. 3586 (JCM)**

Dear Judge McCarthy:

  Please be advised that our office has been asked by Plaintiff Justin Maher to become new counsel for his personal matter. His wife, Angel Maher, has been discontinued out of the above referenced lawsuit, so he remains as the sole plaintiff. A consent to change attorney form has been sent to Mr. Cimini, with a request that he send it back to me along with Mr. Maher's file. Any issues of liens will await the resolution of this matter and would be able to be fixed by the Court. Once I receive the executed consent to change attorney from Mr. Cimini, my office will file a Notice of Appearance and Consent to Change Attorney with the Court.

  I would ask the Court for permission, since depositions are scheduled, to please schedule a conference at the Court's earliest convenience. I am not certain if Your Honor is aware of the background of this case. Previously, our office commenced litigation on behalf of the Plaintiff in Orange County Supreme Court. When our office was replaced by Mr. Cimini's office, he discontinued the lawsuit and thereafter brought the matter to Federal Court, even though the Supreme Court of the State of New York had the appropriate jurisdiction. This substantially delayed the case. By this time, the matter would have been either settled or tried under the normal scheduling in the State Supreme Court.

  We look forward to appearing before you so this matter can move forward.

                 Respectfully yours,

                 Gary Greenwald

GG/lc
c: Vincent S. Cimini, Esq.
  Michael Catalinotto, Esq.
  Keith LaRose, Esq.