LAW OFFICES
# COGNETTI & CIMINI

700 SCRANTON ELECTRIC BUILDING

507 LINDEN STREET

SCRANTON, PENNSYLVANIA 18503-1666

SAL COGNETTI, JR.
salcognettijr@comcast.net

(570) 346-0745
FAX (570) 346-0776

VINCENT S. CIMINI
vincentscimini@comcast.net

March 11, 2015

**VIA E-FILE**
Magistrate Judge Judith C. McCarthy
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re: **Justin T. Maher v. Quality Bus Service, LLC and Caitlin Railo**
       **Docket No. 14 CV 3586 (JCM)**
       **Our File No.: 19176**

Dear Judge McCarthy:

   Reference is made to Attorney Catalinotto's March 6, 2015 correspondence to the Court outlining an issue which has arisen during the course of discovery. More specifically, in its Seventh Supplemental Demand for authorizations, Defendant Quality Bus Service, LLC requested that Mr. Maher provide Defendant with an authorization for the release of documents which are in the custody of his divorce attorney, Kurt T. Lynott, Esquire of the Law Firm of Brian J. Cali and Associates.

   This Honorable Court previously directed Mr. Maher to provide Defendants with medical authorizations to obtain records from Mr. Maher's treating physicians. Plaintiff has fully complied with this Court's directive, providing Defendants with medical authorizations to obtain records from more than fifty (50) doctors, dentists, and medical facilities where Mr. Maher has either received medical treatment or is suspected to have received medical treatment throughout the course of his lifetime.

   However, Defendant Quality Bus Service, LLC's request for an authorization directed to Mr. Maher's divorce attorney is improper. Preliminarily, I note that the authorization requested pertains to documents which are not in the custody and/or control of counsel of record. Additionally, since Defendant's present request relates to an authorization, rather than a document request, no applicable privilege log can be provided. Moreover, I wish to clarify that Mr. Maher has asserted the attorney-client privilege as it exists between Mr. Maher and his family law attorney, as opposed to any attorney-client privilege between Mr. Maher and counsel of record in this action.

---

Furthermore, documents in the custody and control of Mr. Maher's family law attorney bear no relevance to the present action. In this regard, Mr. Maher unequivocally denies ever having undergone a mental health evaluation in connection with any family law proceeding. I would also note that Angel Maher's claim for loss of consortium was voluntarily dismissed. Accordingly, contrary to Attorney Catalinotto's representation, the highly personal and sensitive documents sought bear no relevance to any element of damages alleged by Mr. Maher.

To date, Defendants have been provided medical authorizations to obtain records from Mr. Maher's treating psychiatrist/counselor. Defendants have also had the opportunity to take Mr. Maher's discovery deposition, at which time Defendants were able to specifically question Mr. Maher regarding his cognitive injuries. Additionally, Plaintiff has provided Defendants with the results of Mr. Maher's recent neuropsychological testing as well as the initial and supplemental reports authored by Plaintiff's psychiatric expert following examination of Mr. Maher. Defendants have similarly requested that Mr. Maher submit to an independent neuropsychological examination by a physician of their choosing. That examination was completed this morning in New York City.

The highly personal, sensitive, confidential, and/or privileged nature of records pertaining to Mr. Maher's divorce and/or family law proceedings, together with the very small likelihood that production of such records will lead to the discovery of relevant and admissible evidence, precludes the same from disclosure in connection with the presently pending action.

Thank you for your continued courtesy and cooperation.

Very truly yours,

VINCENT S. CIMINI

VSC:sl
cc: Justin T. Maher
    Michael E. Catalinotto, Jr., Esquire
    Keith V. LaRose, Esquire
    Evan M. Foulke, Esquire