# LaRose & LaRose

ATTORNEYS AND COUNSELORS AT LAW
510 HAIGHT AVENUE
POUGHKEEPSIE, NEW YORK 12603

TELEPHONE  (845) 454-2001
FAX  (845) 454-2535

April 1, 2105

Honorable Judith C. McCarthy
United States District Court
For the Southern District of
 New York
Court Room 421
300 Quarropas Street
White Plains, New York 10601

**sent via e-file only**

  Re: Mahar v. Railo
    7:14-CV-03586-JCM

Dear Judge McCarthy:

  I am in receipt of Vincent Cimini's letter addressed to the Court dated March 31, 2015, requesting additional authorizations from my client Caitlyn Railo. I must strongly object to the plaintiff's request at this time.

  I believe Mr. Cimini is making some broad characterizations which are misrepresentative of the actual testimony of Ms. Railo. Since her deposition was only conducted days ago I do not have that deposition transcript. Unfortunately, without the benefit of her transcript, I cannot address that directly.

  From what I recall of her testimony, and based upon the other known evidence in the case, I believe that this request is in a gross invasion of my client's privacy and is not relevant to the issues in this case. Your Honor will recall that my client was convicted of driving while ability impaired as a result of this incident. The conviction was based upon blood test findings of Diazepam and Morphine. All parties have already been given authorizations for Ms. Railo's medical records from the time she was employed by Quality Bus to the happening of this accident for Crystal Run HealthCare. Contrary to the assertion of Mr. Cimini, Crystal Run was her primary care provider. The fact that she had numerous cancer issues being treated there doesn't change that fact. These medical records clearly document that at or about the time of plaintiff's accident included prescriptions for Percocet and Valium. Valium of course is Diazepam, and Percocet contains Morphine derivatives. Therefore, these two prescription medications issued by Crystal Run Healthcare account for the blood test results.

Dr. Galli is with an entity known as The Port Jervis Mental Health Clinic. Plaintiff's testimony was that Dr. Galli issued prescriptions for Suboxone, which according to Ms. Railo is medication to help keep her sober from her previous addiction in her youth. It is therefore submitted that obtaining the records of Dr. Galli have no direct relevance and are certainly not necessary to the prosecution of plaintiff's case since they already have the evidence through Crystal Run's records as to the issuance of those prescriptions. Furthermore, I see no reason for the plaintiff to obtain authorizations to pharmacies since she has admitted taking those medications at the time of the accident both in her deposition testimony, and in statements to the police that all the parties have.

I should point out that Mr. Cimini's characterization of her testimony that Ms. Railo is brain damaged is a gross overstatement of her testimony, I believe. Again, it would require the transcript to get to the specifics. Basically, she testified that as a teenager she was involved in a single car accident as a passenger and made reference to the fact that she believed she sustained some type of brain injury. At the time of the accident with Mr. Maher Ms. Railo was approximately 33 years old, which means the car accident was probably somewhere around 10 to 15 years ago. She testified she was treated at a hospital in Middletown and that subsequently for a period of time she was on Depakote for seizures. It was also her further deposition testimony that she has not taken any seizure medications for several years before the accident. Furthermore, I wish to point out that there is absolutely no indication that the plaintiff suffered a seizure at or about the time of the accident and therefore there's no evidence that it in any way contributed to the happening of the accident.

In summary, again I believe plaintiff's application is premature in that we do not have the actual transcripts of Ms. Railo's deposition to refer to. Secondly, the fact of the matter is that based upon the authorizations previously given, plaintiff already has documentary evidence that certain prescriptions were issued to Ms. Railo based upon medical conditions, the same prescriptions which led to the blood results which led to her conviction for driving while ability impaired. Furthermore, the plaintiff has admitted taking those medications at or about the time of the accident, i.e. that morning and the evening previous. As such, it is respectfully

submitted that the plaintiff and co-defendant for that matter, do not require further authorizations for different medical care providers to rummage around for other medical conditions the plaintiff may have had since there's no evidence that they were in any way related to the happening of the accident. What medical conditions the plaintiff may have had is not the real issue here, the only real issue is whether she had prescriptions to take those medications at the time and whether she was taking them or not. That information is already in possession of the parties.

           Very truly yours,

           LaROSE & LaROSE

           Keith V. LaRose

KVL/eas
Cc: Foulke Law Offices
  Maynard, O'Connor, Smith & Catalinotto, Esqs.
  Cognetti & Cimini