UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUSTIN T. MAHER,

                       Plaintiff,                    ATTORNEY DECLARATION

-against-                                      Case No: 14 CV 3586 (VLB)

CAITLIN H. RAILO and
QUALITY BUS SERVICE, LLC,

                       Defendants.

---

      ADAM T. MANDELL, hereby declares under penalty of perjury that the following is true and correct in accordance with 28 U.S.C. § 1746:

      1.     I am an attorney at law duly admitted to practice in the United States District Court for the Southern District of New York, and I am a partner of the law firm of Maynard, O'Connor, Smith & Catalinotto, LLP, attorneys of record for the defendant QUALITY BUS SERVICE, LLC (hereinafter as "Quality"), and as such attorney, I am fully familiar with the facts, pleadings and proceedings heretofore had herein.

      2.     I submit this Attorney Declaration in support of the Quality's Motion pursuant to Rule 12 (c) and Rule 56 (a) of the Federal Rules of Civil Procedure, for an Order dismissing the plaintiff JUSTIN T. MAHER's (hereinafter as "Plaintiff") punitive damages claims, as well as his claims for Negligence & Corporate Liability (Count III) and Negligent Entrustment (Count IV).

      3.     Annexed hereto as **Exhibit A** is a true and complete copy of the Plaintiff's Second Amended Complaint dated June 9, 2014 (Doc. 8). The gravamen of the Plaintiff's claims against Quality is it is vicariously liable for the negligent and/or culpable conduct of

its employee codefendant based on Quality's actual or constructive knowledge that Railo was not fit to operate a school bus; that Quality knew that Railo lacked the skill and judgment to safely operate a school bus; Railo failed to exercise reasonable care in the operation of its school busses; and, Railo was operating its school buses while she was under the influence of drugs (Doc. 8, ¶¶ 43-51). The Plaintiff also claims that Quality was negligent in the hiring, instruction, supervision and retention of Railo (Doc. 8, ¶¶ 52-59); and, negligently entrusted Railo with a school bus based on her history of unsafe and reckless driving (Doc. 8, ¶¶ 60-69).

4.  Annexed hereto as **Exhibit B** is Quality's Answer to Second Amended Complaint dated July 10, 2014 (Doc. 11), in which it denies all liability.

5.  On March 26, 2015 and April 13, 2015, the Examination Before Trial of Railo was held, a true and complete copy of the transcript of which is annexed hereto as **Exhibit C**. During her deposition, Railo testified that:

- When she interviewed for the position of school bus driver with Quality, Railo did not disclose her past drug use to Quality (**Exhibit C**, pp. 145-146, 297);
- Railo never told anyone at Quality that she was prescribed Suboxone (**Exhibit C**, p. 299);
- When she applied for the position of school bus driver with Quality, Railo passed the drug screen test (**Exhibit C**, p. 297);
- The morning of February 14, 2013, Railo called Quality and told the secretary that she did not feel good, her body was sore, that she was in pain and had trouble sleeping the night before (**Exhibit C**, p. 209);

- Railo did not want to drive a bus that day because she was uncomfortable and in pain (**Exhibit C**, pp. 354-355);

- Railo claims that in response to her call, the secretary at Quality told her that there were no other drivers available to drive that route (**Exhibit C**, p. 210);

- Before that day, Railo claims that was told that she would be fired if she did not come in to work (**Exhibit C**, p. 210);

- However, on the day of the accident, Railo was not threatened that she would be fired if she failed to come to work (**Exhibit C**, pp. 348-349);

- In-between her morning and afternoon routes, Railo did not tell anyone at Quality that she did not feel well (**Exhibit C**, pp. 302, 304);

- Railo felt more tired in the morning than during the afternoon route (**Exhibit C**, p. 357);

- As part of her employment as a bus drive with Quality, Railo was aware that if she had any medications that she was taking that affected her ability to drive, she needed clearance from a doctor (**Exhibit C**, p. 311);

- After being prescribed Percocet, Railo never notified Quality of that prescription or obtained medical clearance from her doctor (**Exhibit C**, p. 311);

- The night before the accident, at approximately 8:00 or 9:00 PM, Railo took Percocet (**Exhibit C**, p. 305);

- Railo reported for work the next morning at 6:00 AM (**Exhibit C**, p. 305);

- At the time of the accident, Railo did not feel that any of the medications in her system affected her ability to drive (**Exhibit C**, p. 345);

- On the day of the accident, Railo felt she was able to drive a bus (**Exhibit C**, pp. 346-347);

- When she drove the bus at the time of the accident, Railo did not feel that her ability was impaired to operate a bus (**Exhibit C**, pp. 379, 387).

**WHEREFORE**, the defendant QUALITY BUS SERVICE, LLC respectfully requests an Order dismissing the plaintiff JUSTIN T. MAHER's punitive damages claims, as well as his claims for Negligence & Corporate Liability (Count III) and Negligent Entrustment (Count IV), together with such other and further relief as to this Court seems just and proper.

Dated: September 30, 2015

MAYNARD, O'CONNOR, SMITH
& CATALINOTTO, LLP

_(signature)_

Adam T. Mandell, Esq.
*[Bar Roll No. AM0612]*
Attorneys for the defendant
QUALITY BUS SERVICE, LLC
P.O. Box 180
Saugerties, New York 12477
(845) 246-3668
mandell@maynardoconnorlaw.com