# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JUSTIN T. MAHER and ANGEL L. MAHER,

                Plaintiffs,           **ANSWER**

    -against-              Case No:14 CV 3586 (VLB)

CAITLIN H. RAILO and QUALITY BUS SERVICE, LLC,
                Defendants.

---

Defendant, Quality Bus Service, LLC., answering the complaint of the plaintiffs herein:

1. Admits the allegations contained in paragraphs "18", "24" and "25" of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "15", "16", "17", "19", "22", "23", "26", "27", "28", "30", "31", "32", "34", "38", "39", "40", "41", "42", "45" and "61" of the complaint.

3. These answering defendant will rely upon the Court to establish any duties which may be the responsibility of this answering defendant and denies knowledge or information sufficient to form a belief as to each and every other allegation contained in paragraph "62" of the complaint.

4. Denies each and every allegation in said complaint not otherwise herein specifically admitted or denied.

5. As to paragraphs numbered "33", "43", "52", "60", and "70" of the plaintiffs' complaint, the answering defendant repeats, reiterates and realleges their responses to each and every allegation, claim and statement repeated, reiterated and realleged, with the same force and effect as if fully set forth herein at length.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6. Whatever injuries plaintiffs may have sustained at the time and place alleged in the complaint were caused in whole or in part, or were contributed to by the culpable conduct and want of care on the part of the plaintiffs, or by someone over whom the answering defendants had no control, and without any negligence or fault or want of care on the part of the answering defendants, and the plaintiffs with awareness of the risks associated with the activity

{M0723382.1}

in question, assumed the risk thereof.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7. That in entering upon the activity in which the plaintiffs engaged at the time of the happening of the accident set forth in the plaintiffs' complaint, plaintiffs knew the hazards thereof and the inherent risk to such activity and had full knowledge of the methods to be used in the performance of such activity and the danger thereof; whatever damages and injuries were sustained by plaintiffs as alleged in the complaint herein arose from, and were caused by, such risks of the said activity and such risks were accepted and assumed by the plaintiffs upon entering into and continuing in such activity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8. Plaintiffs have failed to mitigate any of their alleged damages, and to the extent of such failure to mitigate, any damages awarded to plaintiffs should be reduced accordingly.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9. Plaintiffs' claims against this answering defendant, and any judgment that the plaintiffs receive against this answering defendant, must be reduced to the extent of any amount received by the plaintiffs from other tortfeasors pursuant to General Obligations Law Section 15-108, and in the event that the plaintiffs settle with any codefendant or other tortfeasor, or discontinues against any codefendant, the answering defendant reserves their rights under General Obligations Law Section 15-108 to prove any negligence against said codefendants and/or tortfeasors at trial.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10. Each answering defendant pleads that if liable at all in this matter, that liability is fifty percent (50%) or less and by reason thereof each such answering defendant's liability to the plaintiffs for non-economic loss shall not exceed each respective defendant's equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11. Plaintiffs have not sustained injuries that satisfy the New York Insurance Law serious injury threshold.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12. Upon information and belief, plaintiffs, and each of the persons on whose behalf

{M0723382.1}

this action is brought, failed to use, failed to use properly, or misused the seat belts and other available restraint devices, as a result of which the alleged injuries and damages were sustained and aggravated; and also, the failure and misuse regarding the seat belt may have been a violation of Vehicle and Traffic Law Section 1229-c.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13. Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of New York, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14. Plaintiffs' complaint, to the extent that it seeks punitive or exemplary damages, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New York, and violated defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15. Plaintiffs failed to allege facts sufficient to allow the recovery of the damages alleged in their complaint, including but not limited to the recovery of attorneys' fees or punitive damages.

{M0723382.1}

## AS AND FOR A CROSS-CLAIM AGAINST THE CODEFENDANT, THE ANSWERING DEFENDANT ALLEGES:

16. That any injuries or damages, if any, sustained by plaintiffs herein as a result of the alleged incident described in plaintiffs' complaint were sustained in whole or in part by reason of the negligence, want of care or fault of the codefendant.

17. That if it is determined that defendants are liable in any degree to plaintiffs, said defendants are entitled to indemnification and/or to have the liability apportioned among and between the defendants in accordance with the applicable law.

**WHEREFORE**, defendant demands judgment dismissing the complaint; and furthermore, said defendant demands that pursuant to Section 3019(b) of the CPLR and Article 14 of the CPLR that the ultimate rights of defendants and codefendant be determined as between themselves and that defendant has judgment over and against codefendant for indemnification and/or contribution in whole or in part, for the amount of any sum which may be recovered herein against the answering defendant.

DATED: June 25, 2014

**MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP**

Michael E. Catalinotto, Jr.
Bar Roll No. MC2315
Attorneys for Defendant
*Quality Bus Service, LLC*
3154 Route 9W
P.O. Box 180
Saugerties, NY 12477
(845)246-3666

TO: FOULKE LAW OFFICES
Attorneys for Plaintiffs
25 Main Street
Goshen, NY 10924
(845)294-4308

LAW OFFICES OF COGNETTI & CIMINI
Attorneys for Plaintiffs
Scranton Electric Bldg., 7th Floor
507 Linden Street
Scranton, PA 18503
(570)346-0745

{M0723382.1}

## ATTORNEY'S CERTIFICATION

I, Michael E. Catalinotto, Jr., HEREBY CERTIFY, under penalty of perjury, that I have no actual knowledge that the substance of any statements of fact contained in the annexed document are false or frivolous, as defined in 22 NYCRR § 130-1.1(c). This certification is made to the best of my knowledge and upon information and belief formed after an inquiry reasonable under the circumstances.

Dated: June 25, 2014

_____
Michael E. Catalinotto, Jr.

{M0723382.1}