# EXHIBIT "E"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
JUSTIN MAHER and ANGEL L. MAHER,

       Plaintiffs,

     -against-

CAITLIN H.RAILO and QUALITY BUS
SERVICE, LLC,

       Defendants.
----------------------------------X

**VERIFIED ANSWER TO
SECOND AMENDED COMPLAINT**

Docket No. 14 cv 3586 (VLB)

Defendant, Caitlin H. Railo by her attorneys, LaROSE & LaROSE
as and for her Answer to the plaintiff's Second Amended Complaint,
respectfully state and allege as follows:

1. Denies any knowledge or information sufficient to form a
belief as to the allegations set forth in paragraphs numbered and
designated "1", "2", "3", "4", "5", "6", "7", "8", "10", "11",
"12", "13", "16", "19", "22", "23", "24", "25", "26", "27", "28",
"29", "30" and "31" of the plaintiffs' Complaint.

2. Denies knowledge or information sufficient to form a
belief as to each and every allegation contained in paragraph
numbered and designated "9", "15", "17" of plaintiffs' Complaint
and respectfully requests all questions of law be referred to the
Court.

3. Admits the allegations in paragraph numbered and
designated "18" of the plaintiffs' Complaint.

4. Denies each and every paragraph numbered and designated
"14", "20", "21" and "32" of the plaintiffs' Complaint.

## ANSWERING AS TO COUNT I-NEGLIGENCE
### JUSTIN T. MAHER V. CAITLIN H. RAILO

5. The defendant repeats and reiterates each and every denial heretofore made herein with respect to paragraph "33" of the plaintiffs Complaint with the same force and effect as though fully set forth at length herein.

6. Denies each and every paragraph numbered and designated "34", "35", "36", "37", "38", "39", "40", "41" and "42" of the plaintiffs Complaint

## ANSWERING AS TO COUNT II-VICARIOUS LIABILITY
### JUSTIN T. MAHER V. QUALITY BUS SERVICE, LLC

7. The defendant repeats and reiterates each and every denial heretofore made herein with respect to paragraph "43" of the plaintiffs Complaint with the same force and effect as though fully set forth at length herein.

8. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered and designated "44" of plaintiffs Complaint and respectfully requests all questions of law be referred to the Court.

9. Denies each and every paragraph numbered and designated "45" of the plaintiffs Complaint.

10. Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered and designated "46", "47", "48, "49", "50", "51" of the plaintiffs

Complaint.

## ANSWERING AS TO COUNT III-NEGLIGENCE AND CORPORATE LIABILITY
### JUSTIN T. MAHER V. QUALITY BUS SERVICE, LLC

11. The defendant repeats and reiterates each and every denial heretofore made herein with respect to paragraph "52" of the plaintiffs Complaint with the same force and effect as though fully set forth at length herein.

12. Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered and designated "53", "55", "56, "57", "58", "59" of the plaintiffs Complaint.

13. Denies each and every paragraph numbered and designated "54" of the plaintiffs Complaint.

## ANSWERING AS TO COUNT IV-NEGLIGENT ENTRUSTMENT
### JUSTIN T. MAHER V. QUALITY BUS SERVICE, LLC

14. The defendant repeats and reiterates each and every denial heretofore made herein with respect to paragraph "60" of the plaintiffs Complaint with the same force and effect as though fully set forth at length herein.

15. Denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs numbered and designated "61", "62", "63, "64", "65", "66", "67 and "69" of the plaintiffs Complaint.

16. Denies each and every paragraph numbered and designated "68" of the plaintiffs Complaint.

### ANSWERING AS TO COUNT V-LOSS OF CONSORTIUM
### ANGEL L. MAHAR v. CAITLIN H. RAILO AND JUSTIN T. MAHER
### V. QUALITY BUS SERVICE, LLC

17. The defendant repeats and reiterates each and every denial heretofore made herein with respect to paragraph "70" of the plaintiffs Complaint with the same force and effect as though fully set forth at length herein

18. Denies each and every paragraph numbered and designated "71" of the plaintiffs Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. That whatever injuries or damages the plaintiff may have sustained were caused, in whole or in part, by the culpable conduct of the plaintiff, or the risks which were assumed by the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The plaintiff has expressly and/or primarily assumed the risk associated with this accident and occurrence, thereby obviating any claimed negligence on the part of the defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. That by failing and neglecting to exercise ordinary care in making use of seat belts, the plaintiff acted unreasonably and in disregard of his own best interest and that all or a portion of his injuries could have been eliminated or minimized by the

exercise of reasonable conduct and the use of seat belts.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22. That one or more of the plaintiff's claims may be barred or reduced because of the failure of the plaintiff to mitigate, minimize and/or avoid damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23. Defendant hereby pleads in mitigation and in reduction of any recovery by plaintiff against any and all defendants, including the answering defendants, the amount paid to plaintiff by any settling tortfeasor or tortfeasors, as per General Obligations Law §15-108.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24. That the obligations and/or liability of this answering defendant is governed by Article 16 of the Civil Practice Laws and Rules.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. The plaintiff's injuries fail to qualify as a serious injury as defined by the Insurance Laws of the State of New York, thereby barring the plaintiff from bringing this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. That one or more of the causes of action in the plaintiff's complaint fails to state a cause of action upon which relief can be granted as to this answering defendant.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. The plaintiff ANGEL L. MAHER lacks legal standing and capacity to sue.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28. Plaintiffs' complaint, to the extent that it seeks exemplary or punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of New York, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's complaint, to the extent that it seeks punitive or exemplary damages, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of New York, and violated defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of New York, and therefor fails to state a cause of action supporting the punitive or exemplary damages claimed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30. Plaintiff's failed to allege facts sufficient to allow the recovery of the damages alleged in their complaint, including but not limited to the recovery of attorneys' fees or punitive

damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31.  That there is another action pending between the same parties for the same causes of action and relief sought herein.

## AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANT, QUALITY BUS SERVICE, LLC, HEREIN SETS FORTH:

32.  If plaintiffs sustained damages in the manner alleged in the Complaint, all of which is denied by the answering defendant, such damages were caused by reason of the negligence and/or breach of contract of the co-defendant above named.

33.  By reason of the foregoing, the answering defendant is entitled to contribution and/or indemnification from, and to have judgment over against, the co-defendant above named, for all or part of any verdict or judgment that plaintiffs may recover against the answering defendant.

**WHEREFORE,** the answering defendant demands judgment dismissing the Complaint, or in the event the plaintiffs recover a verdict or judgment against the answering defendant, then the answering defendant demands judgment over and against the co-defendant above named, together with the costs and disbursements of this action.

Dated: Poughkeepsie, NY
       July 22, 2014.

Yours, etc.,

**LaROSE & LaROSE, ESQS.**
Bar Roll No.KL2012
Attorneys for Deft. Railo
510 Haight Avenue
Poughkeepsie, NY 12603
(845) 454-2001

TO: FOULKE LAW OFFICES
    Attorneys for Plaintiffs
    25 Main Street
    Goshen, NY 10924
    (845) 294-4308

    LAW OFFICES OF COGNETTI & CIMINI
    Attorneys for Plaintiffs
    Scranton Electric Bldg., 7th Floor
    507 Linden Street
    Scranton, PA 18503
    (570) 346-0745

    MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP
    Attorneys for Defendant Quality Bus Service, LLC
    3154 Route 9W
    P.O. Box 180
    Saugerties, NY 12477
    (845) 246-3666

**ATTORNEY'S VERIFICATION**

I, Keith V. LaRose, HEREBY CERTIFY, under penalty of perjury, that I have no actual knowledge that the substance of any statements of facts contained in the annexed document are false or frivolous, as defined in 22 NYCRR § 130-1.1(c).  This certification is made to the best of my knowledge and upon information and belief formed after an inquiry reasonable under the circumstances.


Dated:   July 22, 2014

_____<br>KEITH V. LAROSE

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF DUTCHESS)

I, ELIZABETH A. SIEGEL, being duly sworn, say:  I am not a party to the action, am over 18 years of age and reside at Marlboro, New York.

On July 30, 2014, I served the within Verified Answer to Second Amended Complaint by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Foulke Law Offices
25 Main Street
Goshen, NY 10924

Law Offices of Cognetti & Cimini
Scranton Electric Bldg., 7th Floor
507 Linden Street
Scranton, PA 18503

Maynard, O'Connor, Smith & Catalinotto, Esq.
3154 Route 9W, P.O. Box 180
Saugerties, NY 12477

ELIZABETH A. SIEGEL

Sworn to before me this
___30th___ day of July, 2014.

Notary Public.

KEITH V. LA ROSE
Notary Public, State of New York
No. 4942711
Qualified in Dutchess County
Commission Expires Oct. 3, 19__2014