# EXHIBIT "J"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN T. MAHER, | Docket No. 14 CV 3586 (JCM) |
| Plaintiffs, | **REVISED ANSWERS TO** |
| -against- | **CONTENTION** |
| | **INTERROGATORIES** |
| CAITLIN H. RAILO and QUALITY BUS SERVICE, LLC, | (ECF Case) |
| Defendants. | **Jury Trial Demanded** |

## PLAINTIFF'S REVISED ANSWERS TO CONTENTION INTERROGATORIES

TO: CAITLIN H. RAILO
c/o Keith V. Larose
LAROSE & LAROSE
510 Haight Avenue
Poughkeepsie, NY 12603

Plaintiff, Justin T. Maher, by and through his attorneys, COGNETTI & CIMINI, hereby Answers the Contention Interrogatories of Defendant, Caitlin H. Railo, in accordance with the applicable Federal Rules of Civil Procedure and the Case Management Plan Governing this action.

1

## REVISED ANSWERS TO CONTENTION INTERROGATORIES

Pursuant to the Federal Rule of Civil Procedure and the Case Management Order governing this case, Plaintiff hereby answers the Contention Interrogatories of Defendant Quality Bus Service, LLC as follows:

1.  Identify each and every act of omission and commission constituting the alleged negligence and/or culpable conduct of the defendant Caitlyn Railo.

**ANSWER:** *Answering Plaintiff objects to interrogatory one (1) in that it is overly broad, unduly burdensome, and seeks a summary of responsive documents and information already in Defendant's possession.* Notwithstanding said objection, in addition to the acts of omission and commission relied upon by Plaintiff's expert witnesses, Plaintiff contends that Defendant Caitlin H. Railo was negligent based upon the following acts of commission and/or omission:
- failing to pay proper attention while operating a school bus;
- failing to react reasonably and appropriately under the circumstances;
- failing to exercise basic vehicle control skills, including but not limited to, proper visual search methods, appropriate signaling, and observation of the road and the behavior of other motor vehicles, particularly before changing speed and direction;
- failing to observe Plaintiff's vehicle before negotiating a left turn through the oncoming lane of traffic;
- failing to yield the right of way to oncoming traffic, including Plaintiff's vehicle;
- failing to timely and appropriately apply her brakes and bring the school bus to a complete stop prior to striking Plaintiff's vehicle;
- failing to take timely and corrective action in order to avoid striking Mr. Maher's vehicle;
- failing to provide any warning prior to entering the oncoming lane of traffic;
- attempting to conceal from Defendant Quality Bus Service, LLC a history of drug dependency, medical conditions, and prior criminal convictions;
- failing to operate a commercial school bus in a safe and prudent manner;
- operating a commercial school bus while her ability was impaired by the influence of drugs;
- disregarding the safety precautions set forth in the Federal Motor Carrier Safety Regulations, Article 19A, and the NY State Commissioner's Regulations.

2.  Specify the particular sections of the (a) laws, (b) statutes, (c) ordinances, (d) rules, and (e) regulations which the Plaintiff will claim the answering defendant violated and in what respects.

**Answer:** *Answering Plaintiff objects to interrogatory two (2) in that it is overly broad, unduly burdensome, and seeks a summary of responsive documents and information already in Defendant's possession.* Notwithstanding said objection, in addition to the laws, statutes, ordinances, rules, and regulations relied upon by Plaintiff's expert witnesses, Plaintiff contends that Caitlin Railo violated

- FMCSR Title 49 §§ 391.11, 391.15, 391.21, 391.41
- 8 CRR-NY §156.3, 15 CRR-NY §§6.10, 6.23, 6.24
- 19A §509-cc, 19A §509-k
- NYS Penal Law §§120.03, 120.04, 120.04-A, 120.20, 120.25, 145.25, 260.10, 600, 1172, 1212, 1192.

3.  If applicable, set forth the basis upon which the plaintiff alleges that defendant Caitlyn Railo is liable for punitive damages, identifying each and every act, whether by commission or omission, upon which plaintiff's claims for punitive damages are based. For each negligence and/or culpable act for which punitive damages are claimed:
    a.    Identify the date(s) and time(s) of the alleged omission or commission;
    b.    The approximate location of the negligence alleged.

**Answer:** *Answering Plaintiff objects to interrogatory three (3) in that it is overly broad, unduly burdensome, and seeks a summary of responsive documents and information already in Defendant's possession.* Notwithstanding said objection, see Plaintiff's Answers to the foregoing interrogatories one (1) through two (2) inclusive, the allegations contained in ¶¶34, 38, 39, 40, 41, and 42 of Plaintiff's Second Amended Complaint, and the facts identified and relied upon by Plaintiff's expert witness reports.

Plaintiff's answers to the foregoing interrogatories (1) through two (2) inclusive provide:

> Plaintiff contends that Defendant Caitlin H. Railo was negligent based upon the following acts of commission and/or omission:
> - failing to pay proper attention while operating a school bus;
> - failing to react reasonably and appropriately under the circumstances;
> - failing to exercise basic vehicle control skills, including but not limited to, proper visual search methods, appropriate signaling, and observation of the road and the behavior of other motor vehicles, particularly before changing speed and direction;
> - failing to observe Plaintiff's vehicle before negotiating a left turn through the oncoming lane of traffic;
> - failing to yield the right of way to oncoming traffic, including Plaintiff's vehicle;
> - failing to timely and appropriately apply her brakes and bring the school bus to a complete stop prior to striking Plaintiff's vehicle;
> - failing to take timely and corrective action in order to avoid striking Mr. Maher's vehicle;
> - failing to provide any warning prior to entering the oncoming lane of traffic;
> - attempting to conceal from Defendant Quality Bus Service, LLC a history of drug dependency, medical conditions, and prior criminal convictions;

3

- failing to operate a commercial school bus in a safe and prudent manner;
- operating a commercial school bus while her ability was impaired by the influence of drugs;
- disregarding the safety precautions set forth in the Federal Motor Carrier Safety Regulations, Article 19A, and the NY State Commissioner's Regulations. . .

Plaintiff contends that Caitlin Railo violated
- FMCSR Title 49 §§ 391.11, 391.15, 391.21, 391.41
- 8 CRR-NY §156.3, 15 CRR-NY §§6.10, 6.23, 6.24
- 19A §509-cc, 19A §509-k
- NYS Penal Law §§120.03, 120.04, 120.04-A, 120.20, 120.25, 145.25, 260.10, 600, 1172, 1212, 1192.
-

¶¶34, 38, 39, 40, 41, and 42 of Plaintiff's Second Amended Complaint provide:

> 34. The subject motor vehicle accident was caused by the careless, negligent, and reckless conduct of Defendant Ms. Railo, consisting of the following:
> a. recklessly failing to pay proper attention while operating a school bus;
> b. recklessly failing to travel at a careful and prudent speed under the circumstances;
> c. recklessly disregarding the safety precautions set forth in the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR");
> d. carelessly failing to make reasonable and necessary observations while operating a school bus;
> e. violating the laws of the State of New York regarding the operation of motor vehicles and/or school buses;
> f. carelessly failing to take timely corrective action in order to avoid striking Mr. Maher's vehicle;
> g. violating both written and unwritten policies, rules, guidelines, and regulations established and/or implemented by Defendant Quality Bus;
> h. recklessly operating a school bus while under the influence of drugs and/or alcohol in violation of FMCSR §392.5;
> i. operating a school bus with a history of unsafe driving practices;
> j. carelessly failing to exercise basic vehicle control skills, including but not limited to, proper visual search methods, appropriate signaling, and observation of "the road and the behavior of other

4

        motor vehicles, *particularly before changing speed and direction,*" in violation of FMCSR §383.113;

k. recklessly operating a school bus with willful and/or wanton disregard for the safety of Mr. Maher;

l. failing to react reasonably and appropriately under the circumstances then and there existing;

m. carelessly failing to yield the right of way to Mr. Maher;

n. failing to timely and properly apply breaks and bring the school bus to a complete stop prior to striking Mr. Maher;

o. failing to keep the proper lookout while on the roadway;

p. failing to stop the school bus upon the shortest possible notice;

q. recklessly failing to yield the right of way to oncoming traffic while operating a school bus;

r. failing to observe Mr. Maher's vehicle before negotiating a left hand turn through Mr. Maher's lane of travel;

s. failing to react prudently after commencing a left hand turn into oncoming traffic;

t. carelessly failing to provide any warning before allowing a school bus to enter into the lane of oncoming traffic; and

u. recklessly operating a school bus while under the influence of drugs and/or alcohol with willful and/or wanton disregard for the safety of Mr. Maher in violation of New York law...

    38. Defendant Ms. Railo realized and appreciated the risk of serious bodily injury and/or death posed by failing to exercise reasonable care in the operation of an approximately thirty-six (36) foot long, eleven (11) ton school bus on public roadways, and, in particular, through a lane of oncoming traffic.

    39. Defendant Ms. Railo realized and appreciated the risk of serious bodily injury and/or death posed by operating a school bus on public roadways and through a lane of oncoming traffic while under the influence of drugs and/or alcohol.

    40. Defendant Ms. Railo realized and appreciated the risk of serious bodily injury and/or death posed by disregarding vehicles traveling in an oncoming lane of traffic while negotiating a turn through the oncoming lane of travel.

    41. However, despite such knowledge and understanding, Defendant Ms. Railo acted with reckless indifference to the interests of Plaintiff, Mr. Maher, by substantially and grossly departing from the standard of care with

respect to proper operation of a school bus when negotiating a left turn through an oncoming traffic lane.

42. Accordingly, the conduct of Defendant Ms. Railo was outrageous, willful, and in conscious disregard of the rights and interests of Plaintiff Mr. Maher, thus necessitating an award of punitive damages.

Plaintiffs expert witness include Richard Stripp, Terrence Fischer, Walter Guntharp, William Martin, William Prebola, Albert Hazzouri, David Scarisbrick, Peter Scalia, Richard Fischbein, Susan Sheerin, William Walker, and Andrew Verzilli.

*Plaintiff specifically reserves the right to supplement his responses to Defendant's Contention Interrogatories one (1) through three (3) inclusive in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District Court for the Southern District of New York.

Respectfully Submitted,
COGNETTI & CIMINI

_____
VINCENT S. CIMINI, ESQUIRE
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Vincent S. Cimini, Esquire, hereby certify that a true and correct copy of Plaintiff's Revised Answers to Defendant, Caitlin H. Railo's, Contention Interrogatories were served upon the following, postage prepaid, via first class mail, on this 20 day of July, 2015:

Michael Catalinotto, Jr., Esquire
MAYNARD, O'CONNOR, SMITH
& CATALINOTTO, LLP
3154 Route 9W
P.O. Box 180
Saugerties, NY 12477
*Counsel for Defendant,*
*Quality Bus Service, LLC*

Keith LaRose, Esquire
LAROSE & LAROSE
510 Haight Avenue
Poughkeepsie, NY 12603

Respectfully Submitted,
COGNETTI & CIMINI

_____
Vincent S. Cimini, Esquire
Counsel for Plaintiff