UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
JUSTIN MAHER and ANGEL L. MAHER,

       Plaintiffs,

                             **MEMORANDUM OF LAW**

   -against-

CAITLIN H.RAILO and QUALITY BUS      Docket No. 14 cv 3586 (VLB)
SERVICE, LLC,

       Defendants.
--------------------------------X


## INTRODUCTION

    This Brief is being submitted by the defendant CAITLIN H.
RAILO (hereinafter referred to as "Railo") with regards to its
motion for summary judgment to dismiss the plaintiff's claim for
punitive damages as alleged in plaintiff's complaint.  As will be
described more fully below, it is respectfully submitted that the
allegations as contained in the plaintiff's complaint and other
pleadings fails to rise to the level required for punitive damages
in and of itself. Furthermore, it is respectfully submitted that
even assuming that the plaintiff's allegations arguably creates
potential issues as to punitive damages, it is respectfully
submitted that the evidentiary proof in this case is clear that
the alleged acts and omissions of this defendant did not rise to
the level to warrant the imposition of punitive damages.  As such,
it is respectfully alleged by the defendant Railo that the
punitive damages claim against her should be dismissed.

    This lawsuit arises out of a two vehicle accident occurring

on 2/14/13 at approximately 2:30 PM.  Plaintiff Justin Mahar was the operator of a Honda automobile.  The defendant Railo was operating a school bus in the course of her employment with Quality Bus Service, LLC.  Undisputed is the fact that both plaintiff and defendant were approaching each other from opposite directions on a two lane roadway, one lane in each direction. Also undisputed is the fact that just before the accident occurred, the defendant Railo commenced a left turn onto an intersecting street and that the collision with the Mahar vehicle occurred in Mahar's lane of travel.

Also undisputed is that mandatory drug testing done following the accident revealed the presence of three drugs, Diazapam, Nordiazpam and Morfine-free.  Furthermore, the uncontroverted evidence is that the plaintiff, due to certain medical conditions, had prescriptions for medications that would cause the type of blood test results that were recorded.  Also undisputed is the fact that certain prescription medications had been disclosed as part of a required medical examination and certification by an independent contractor prior to Ms. Railo being issued her commercial license by New York State and being cleared to drive and operate a school bus. More importantly, the drug testing done on 10/16/12 (the day of the medical examination by Partners in Safety) was negative for opiates, thereby showing that despite

having certain pain prescriptions, she was not taking them at the time. As such it is the position of this defendant that she did not willfully and maliciously fail to disclose any prescription medications. It should be noted that despite the presence of these medications in her bloodstream on the day of the accident, the defendant denies that her ability to operate the vehicle was impaired, and it is the position of this defendant that there's no sufficient evidence to establish that these medications were a proximate cause of the accident, most being taken 12 to 18 hours before the accident.

Also undisputed is the fact that in connection with her being cleared to operate a school bus by New York State, she was fingerprinted and a background checks were performed for vehicle traffic violations and criminal checks by the State. That background check confirmed the prior accident within three years, as Ms. Railo reported to Quality Bus Service, LLC on her initial application, along with a speeding violation and a failure to obey a traffic control device conviction. It also revealed an old charge of operating without insurance back in 2009 and also a prior DWI conviction arising out of an arrest in 2003. With all of these violations revealed in the checks run by the State, the State certified her to operate a school bus. Given that the employment application only requested her history for the past three years, she did not willfully hide anything that was asked of

her.  More importantly the older history was reviewed by the State which did not disqualify her to drive a bus with the older charges.  As such, plaintiffs claim that the defendant failed to report certain claimed criminal charges in her past becomes irrelevant and doesn't support a claim for punitive damages.

Plaintiff alleges via its complaint and in its response to contention interrogatories that Ms. Railo operated the bus in such a reckless fashion to support an award of punitive damages.  They further allege that the fact that she knew she was on various medications justifies their claim for punitive damages along with a generalized allegation by the plaintiff that she attempted to conceal from the defendant Quality Bus Service, LLC "a history of drug dependency, medical conditions, and prior criminal convictions."  As is set forth fully in the attorney's affirmation in support of this motion for summary judgment, defendant Railo denies the allegations that she willfully attempted to conceal a history of drug dependency, medical conditions and prior convictions.  Those arguments and proof will not be set forth in detail again in this memorandum of law, although some of it will be briefly alluded to in my discussion of how the evidence in this case fails to support plaintiff's burden of proof for a claim for punitive damages.  I will now turn to a discussion as to the applicable law on punitive damages here in New York.

## NEW YORK STATE CASE LAW ESTABILISHES A VERY HIGH THRESHOLD TO ESTABLISH A CLAIM FOR PUNITIVE DAMAGES IN MOTOR VEHICLE ACCIDENTS

This Court has in numerous decisions involving a motor vehicle accident occurring in the State of New York, established that New York law and the cases interpreting it apply to a claim for punitive damages. See, <u>Marcoux vs. Farm Services and Supplies Inc.</u>, 283 F.Supp.2d 901 (SDNY 2003); <u>Parady vs. Phillips</u>, 2008 WL 591868 (SDNY 2008). As the Court stated in <u>Marcoux</u>, the standard for award of punitive damages in New York is a demanding one. The Court stated that the plaintiff must show the defendant's conduct to be so reckless or wantonly negligent as to be the equivalent of a conscious disregard of the rights of others and that the conduct demonstrates a high degree of moral culpability, citing to <u>West v. Goodyear Tire & Rubber Co.</u>, 973 F. Supp. 385,387 (SDNY 1997); and also citing to <u>Rinaldo vs. Mashayekhi</u>, 185 AD 2D, 435. The <u>Marcoux</u> Court went on to quote from other cases interpreting the standard. The Court quoted from the <u>West</u> case, where Judge Owen stated "even where there is gross negligence, punitive damages are awarded in singularly rare cases such as cases involving an improper state of mind or malice or cases involve wrongdoing to the public". <u>West v. Goodyear Tire & Rubber Co.</u>, *supra* at 387. The Judge then also referred to the case of <u>Greenbaum vs. Svenska</u>

Handelsbanken, NY, 979 F.Supp. 973, for the proposition that the Southern District has held that a plaintiff seeking punitive damages in New York must prove the existence of these factors by a preponderance of the evidence.

New York Case law has clearly established that punitive damages are intended as punishment for gross misbehavior for the good of the public and that while intentional conduct is not a mandatory showing for punitive damages, the conduct generally must be so reckless or wantonly negligent as to be the equivalent of the conscious disregard for the rights of others. Trudeau vs. Cooke, 2 AD3d 1133 (Third Department 2003); Rinaldo vs. Mashayekhi, 185 AD2d 435 (Third Department 1992).

Case law in New York has clearly established that intoxication alone does not open the door for punitive damages and that each situation must be considered on a case by case basis. Trudeau v. Cooke, *supra*; Sweeney vs. McCormic, 159 AD2d 832. Further review of New York Case law has established that the case by case analysis sets a very high threshold to use intoxication in conjunction with other violations to support a claim for punitive damages. For example, in the Trudeau case, *supra*, the defendant and plaintiff were drinking in a local establishment. The accident occurred at 1:40 a.m. when the defendant Cooke lost control of the vehicle in a curve resulting in the vehicle leaving the road and overturning. Defendant Cooke subsequently pleaded

guilty to the misdemeanor charge of driving while intoxicated. Further proof was that he exceeded the posted speed limit at the time of the accident. The Court dismissed the plaintiff's claim for punitive damages in that instance.

In Deon vs. Fortuna, 283 AD2d 388 (Second Department 2001), the proof was that the defendant had a blood alcohol content reading of .10%. The Court held that the circumstances did not demonstrate the defendant acted so recklessly or wantonly as to warrant the award of punitive damages. In Sweeney vs. McCormic, 159 AD2d 832 (Third Department 1990), the defendant's vehicle left the traveled portion of the road and struck the plaintiff's parked vehicle. The defendant subsequently plead guilty to driving while ability impaired based upon an Alco-Sensor test result of .12% and .11% on a breathalyzer test. The Court ruled that the evidence of the defendant's intoxication would not support an award of punitive damages absent some additional showing of wanton or reckless conduct, which it did not find.

Similarly, in Kennedy vs. Vault Leasing, 15 Misc.3d 1139(A), (Supreme Court, Richmond County, 2007), the defendant consumed between five and ten vodka and ice drinks and two glasses of red wine between 5:30 and 10:00 p.m. at a dinner. He further testified that after driving for five minutes he began to feel tired but made the conscious decision to keep driving, and that the accident occurred about ten minutes later. The defendant's blood alcohol

was .25%, *almost 3 times the legal limit.*   In that instance the Court only stated that the circumstances were such that to raise a triable issue as fact as to whether his conduct in consuming that many drinks, when coupled with driving while tired, plus the level of intoxication warrant a finding of wanton negligence or reckless conduct.

In <u>Linsalata vs. Berry</u>, 39 Misc. 3D, 1207(A), (Supreme Court, Westchester, 2013).   The Court ruled on a summary judgment motion dismissing the claim for punitive damages.   The relevant facts were that the accident occurred at 3:00 a.m. when the defendant's car struck the plaintiff's car which was stopped at a red light. The force of the impact *was sufficient to cause the driver's seat support struts to snap and the plaintiff's car was pushed 100 feet.*   The defendant testified that he consumed alcoholic beverages at dinner at a friend's house. He further testified that *he had no recollection of leaving the friend's house, of driving or any details of the accident.   He also refused a blood test.* The further evidence was that a year before the accident he was *also ticketed for refusing to a chemical test and when he did not pay the fine his license was suspended.*   Furthermore, he admitted that in the past he had also been ticketed for driving without insurance and failed to pay that fine resulting in a second suspension.   Therefore as a result of this accident, the defendant plead   guilty   to   driving   while   intoxicated   and   aggravated

unlicensed operation of a motor vehicle based upon the prior suspension. Plaintiff sought punitive damages based upon the conviction plus the refusals and suspensions. The Court in denying the motion as a question of fact for the jury, noted that case law establishes that whether the injury producing conduct was an isolated event or only the latest incident in a continuing pattern of similarly reckless behavior is an important factor to be weighed by the trier of fact in determining whether an award of punitive damages is warranted, citing to Rand A.J. vs. Long Island Surgi-Center, 46 AD3d at 85-86. The Court concluded that the defendant's testimony alone raised a triable issue of fact as to whether his conduct could be considered the equivalent of a conscious disregard for the rights of others warranting punitive damages.

In, Khashidy vs. Dovlatyah, 43 Misc.3d 1224(A)(Supreme Court Kings, 2014), the plaintiff was struck in the rear by the defendant while stopped for a red light. The defendant refused the breathalyzer test. He subsequently plead guilty to driving while impaired. Two closed half empty brandy bottles were found in the car. At the close of the evidence the Court granted the motion by defendant to dismiss the punitive damages. In doing so the Court cited to the recent Court of Appeals decision in Marinaccio vs. Town of Clarence, 20 NY3d 506, where the Court stated "the standard for imposing punitive damages is a strict one

and punitive damages will be awarded only in exceptional cases, the conduct of justifying such an award must manifest "spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interest of others that the conduct may be called wilful or wanton". Id. at 511.

This wide range of decisions I believe amply demonstrates the very serious nature of the defendant's actions required to support a claim for punitive damages in a case such as this.

### THE EVIDENCE IN THIS CASE IS INSUFFICIENT
### TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES

Again, for the purposes of this motion it is assumed that the proof will establish that the defendant improperly executed a left turn and failed to yield the right of way to the plaintiff's vehicle. As this Court is well aware, this is a common everyday occurrence. Such a typical infraction does not normally have an inference of the type of willful, wanton or reckless conduct required for a punitive damages claim. Driver distraction and inattentiveness are certainly common causes of such an occurrence, as would be a failure to properly estimate the speed of the oncoming vehicle, or sight limitations. It is respectfully submitted that the plaintiff only has speculation that anything more was at play here. The fact that the plaintiff sustained

serious and multiple orthopedic injuries has no bearing on whether punitive damages should be awarded. Common sense dictates that when a full size school bus strikes the front of a small car as the plaintiff's Honda Del Sol, that given the weight disparities, the plaintiff will almost unavoidably sustain significant injuries. There is absolutely no evidence that the defendant was speeding or in any way operating a vehicle in an excessive rate of speed. The speed limit for Mr. Mahar's vehicle was 45 miles per hour which was close to the speed which he was travelling at the time of the collision per the plaintiff's own expert. Hitting a school bus at the speed would cause very significant damage, as it is basically equivalent to hitting a concrete wall.

Although blood test results revealed the presence of certain drugs in her system which was used as the basis for her conviction under driving while ability impaired by drugs, the defendant denies that her driving was impaired, and the amounts found in her blood that day tend to support this. Furthermore, it is the contention of the defendant that even assuming she was somewhat impaired, there is no evidence that it was a proximate cause of the accident in and of itself. Again, there's absolutely no evidence that prior to the actual occurrence Ms. Railo had any difficulty in operating a school bus that day.

Furthermore, despite plaintiff's allegation that defendant attempted to hide her accident history and her Vehicle and Traffic

violations among items, the evidence clearly establishes that she did not do so intentionally and that regardless the required background checks run by the State of New York revealed all of her violations, and full well knowing that history, New York State certified her to operate a school bus. As has been described in great depth in the attorney's affirmation in which I cited to the evidence in this case, Ms. Railo did not intentionally hide her Vehicle and Traffic history or her accident history. Furthermore, as has been described in great depth in the attorney's affirmation and only alluded to somewhat in this memorandum of law, the defendant denies that she hid her relevant past medical and criminal history. More importantly, she was not required by her employer or by the State of New York to make such a disclosure as plaintiff argues. The fact of the matter is she disclosed certain prescription medications that she was using in connection with medical issues when she underwent her medical examination to be cleared to drive a school bus, and testing done that day demonstrated that she wasn't using her prescription pain medications at that time. The fact of the matter is there is no requirement by the State of New York to disclose one's complete medical history and/or substance abuse history, as plaintiff argues.

As is clear from the case law cited above, the mere fact of a finding that one was intoxicated or impaired does not warrant the

application of punitive damages.  Much more is required for that burden to be met.  It is respectfully submitted that in this instance the plaintiff cannot meet the requisite burden such that the Court should grant summary judgment dismissing the punitive damages claim.  The defendant has not been proven the requisite reprehensible or repetitive criminal conduct.  Clearly, it has not demonstrated she acted with the spite or malice or evil motive, or a continuing pattern of similarly reckless behavior. Plaintiff cannot establish the required conduct that represents a high degree of immorality as to imply a criminal indifference to civil obligations.

**CONCLUSION**

It is respectfully submitted that on the established case law concerning the burden of proof required to sustain a finding for punitive damages for a motor vehicle accident, that the evidentiary proof in this case as to the conduct of the defendant Railo does not establish the necessary conduct to support an award of punitive damages.  As such, it is respectfully submitted that the defendant's motion for summary judgment dismissing the punitive damages claim should be granted.

13

Dated:   Poughkeepsie, NY
         October 2, 2015.

                                        Yours etc.,


                                        _____
                                        Keith V. LaRose
                                        LaRose & LaRose, Esqs.
                                        Bar Roll No: KL2012
                                        Attorneys for Defendant
                                        CAITLYN H. RAILO
                                        Poughkeepsie, NY 12601
                                        (845) 454-2001
                                        Email:laroseandlarose@gmail.com


TO:   Law Offices of Cognetti & Cimini        (*via ECF/CM*)
      Attorneys for Plaintiff Justin T. Mahar
      Scranton Electric Bldg., 7th Floor
      507 Linden Street
      Scranton, PA 18503

      Evan M. Foulke, Esq.                     (*via ECF/CM*)
      Foulke Law Offices
      Counsel for Plaintiff Justin T. Mahar
      25 Main Street, 3rd Floor
      Goshen, NY 10924

      Maynard, O'Connor, Smith & Catalinotto, LLP  (*via ECF/CM*)
      Attorneys for Quality Bus Service, LLC
      3154 Route 9W
      PO Box 180
      Saugerties, NY 12477