UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
JUSTIN MAHER and ANGEL L. MAHER,

       Plaintiffs,

    -against-

CAITLIN H. RAILO and QUALITY BUS
SERVICE, LLC,

       Defendants.
--------------------------------X

**STATEMENT PURSUANT TO LOCAL
CIVIL RULE 56.1**

Docket No. 14 cv 3586 (VLB)

The defendant Caitlin H. Railo by and through its attorneys LaRose & LaRose, Esqs., for the purposes of the motion for summary judgment herein sets forth its statement as to material facts which the defendant contends there is no general issue of fact to be tried as follows:

1.   At the time of the accident the defendant Railo was operating a school bus in the scope of her employment.  The plaintiff Justin Mahar was operating a 1995 Honda Del Sol. The accident occurred at approximately 2:30 PM. (Exhibit "A", police report)

2.   Just before the collision the defendant Railo initiated a left hand turn onto an intersecting road, and that the point of impact between the two vehicles was in the Mahar car's lane of travel.  (Exhibit "A", police report)

3.   Testing of plaintiff's blood following the accident revealed diazepam, nordiazepam and morphine-free in her blood. (Exhibit "I", test results)

4.   As a result of the accident, the defendant ultimately plead to and was convicted of charges of assault in the second degree under Penal Law §120.05 04 DF and, aggravated driving while

impaired with a child present under Vehicle and Traffic Law §192.2-A-B 2V EF. (Exhibit "H", certification of conviction)

5. Defendant Railo completed an employment application for Quality Bus Service, LLC which requested accident information and V&T violations for a three year period. She listed one accident occurring within the last three years, and two vehicle and traffic violations within the past three years. The application only sought this information. (Exhibit "O", employment application)

6. A background check performed by the State of New York verified the accident and the two violations listed by Ms. Railo on her application. It also revealed an old charge of driving without insurance in 2007, and a prior DWI charge from 2003, both outside the scope of the application's request for information. (Exhibit "P", search results)

7. Based on the above results of the background check performed by the State of New York, the State of New York issued its approval for Ms. Railo to operate a school bus for Quality Bus Service, LLC and issued her the appropriate license. (Exhibit "P", NYS certification)

8. Drug testing performed on 10/16/12 was negative for amphetamines, marijuana, phencyclidine, cocaine and opiates. (Exhibit K)


Dated: Poughkeepsie, NY
       October 2, 2015.

Yours etc.,

_____
Keith V. LaRose
LaRose & LaRose, Esqs.
Bar Roll No: KL2012
Attorneys for Defendant
CAITLYN H. RAILO
Poughkeepsie, NY 12601
(845) 454-2001
Email:laroseandlarose@gmail.com

TO:  Law Offices of Cognetti & Cimini          (*via ECF/CM*)
     Attorneys for Plaintiff Justin T. Mahar
     Scranton Electric Bldg., 7th Floor
     507 Linden Street
     Scranton, PA 18503

     Evan M. Foulke, Esq.                      (*via ECF/CM*)
     Foulke Law Offices
     Counsel for Plaintiff Justin T. Mahar
     25 Main Street, 3rd Floor
     Goshen, NY 10924

     Maynard, O'Connor, Smith & Catalinotto, LLP  (*via ECF/CM*)
     Attorneys for Quality Bus Service, LLC
     3154 Route 9W
     PO Box 180
     Saugerties, NY 12477