

# Maynard, O'Connor, Smith & Catalinotto, LLP
ATTORNEYS AT LAW

| | | | | |
|---|---|---|---|---|
| Michael E. Catalinotto<br>Thomas G. Daley<br>James R. Schultz<br>Bruce A. Bell<br>Concetta R. Lomanto<br>Edwin J. Tobin, Jr.<br>Michael E. Catalinotto, Jr.<br>Robert A. Rausch<br>Anne-Jo Pennock McTague, RN<br>Alexander L. Stabinski<br>Adam T. Mandell | 3154 Route 9W<br>P.O. Box 180<br>Saugerties, New York 12477<br>(845) 246-3666<br>Fax (845) 246-0390 | 6 Tower Place<br>Albany, New York 12203<br>(518) 465-3553<br>Fax (518) 465-5845<br>www.maynardoconnorlaw.com<br><br>**Service by Facsimile,<br>E-Mail or Electronic<br>Means is Not Accepted**<br>PLEASE REPLY TO<br>Saugerties Office | 122 West Main Street<br>Johnstown, New York 12095<br>(518) 762-4212<br>Toll Free (800) 721-3553 | Justin W. Gray<br>Aaron F. Carbone<br>Andrew S. Holland<br><br>OF COUNSEL<br>Angelo D. Lomanto<br><br>Christopher K.H. Dressler<br>(1980-2010) |

October 7, 2015

**Maher v Quality Bus**
Our File No.: 149.29644
Docket No.: 14 CV 3586 (JCM)                    *Via ECF/CMS Only*

Magistrate Judge Judith C. McCarthy
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 421
White Plains, New York 10601

Dear Judge McCarthy:

I represent the defendant Quality Bus Service, LLC ("Quality"), in the above referenced matter. I am writing to request clarification regarding the Court ordered deadline for motions *in limine*.

As Your Honor is aware, Quality intends to file a motion to preclude the plaintiff's bus safety expert pursuant to *Daubert v Merrell Dow*, 509 US 579 (1993). In its September 7, 2015 Order (Doc. 68), the Court indicated that all motions *in limine* are to be filed by December 1, 2015. However, in its Minute Entry for proceedings held on September 2, 2015, the Court established a deadline for all expert depositions, with the exception of the plaintiff's bus safety expert, to be completed by November 30, 2015.

If the December 1, 2015 deadline for all motions *in limine* includes Quality's anticipated motion to preclude the plaintiff's bus safety expert, then that deadline would have the effect of requiring Quality to move to preclude the plaintiff's bus safety expert prior to having the opportunity to take his deposition.

Based on my recollection of the prior Court conferences, I do not believe that was the intended outcome of those two Orders. In the event that Quality prevails on its Motion to Dismiss (Doc. 75), the plaintiff's bus safety expert's anticipated testimony will be entirely irrelevant. My

{M0767185.1}

recollection is that the justification for not including the bus safety expert in the November 30, 2015 deposition deadline was in recognition of that possibility, in order to avoid an unnecessary deposition, if possible. For the same reason, it would seem appropriate that Quality's motion to preclude the bus safety expert be due on a later date as well.

Accordingly, I respectfully request clarification whether the December 1, 2015 deadline includes Quality's anticipated motion to preclude the Plaintiff's bus safety expert pursuant to *Daubert*.

If the December 1, 2015 deadline includes Quality's anticipated motion to preclude the Plaintiff's bus safety expert, I respectfully request that these deadlines be revisited at the next conference before the Court on November 2, 2015. Thank you.

Respectfully yours,

**MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP**

By _____
Michael E. Catalinotto, Jr., MC2315
*catalinottojr@maynardoconnorlaw.com*

MCJ/atm


cc: Vincent Cimini, Esq. (via ECF/CMS)
Evan Foulke, Esq. (via ECF/CMS)
Keith LaRose, Esq. (via ECF/CMS)
Karen Lind

{M0767185.1}